IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DONALD GENE WALTON | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-439 |
| DEPARTMENT OF VETERANS AFFAIRS | § | |

<u>REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

Donald Gene Walton, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit. Plaintiff alleges he has not received proper medical care. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff has filed a motion (doc. #2) seeking a temporary restraining order. Plaintiff states he is being denied access to courts because a correctional officer is interfering with his ability to go to the law library. He states he has filed multiple requests asking to go to the law library. However, the law library supervisor states she has not received his requests. Plaintiff asks the court to direct that the supervisor be removed from her assignment.

<u>Analysis</u>

A party seeking a temporary restraining order must establish the following: (1) there is a substantial likelihood he will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if injunctive relief is denied; (3) the threatened injury outweighs the threatened harm to Defendants and (4) granting relief will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Injunctive relief should be granted only if the party has clearly

carried the burden of persuasion as to all four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

Plaintiff's assertion that he has been denied access to the law library is troublesome. However, his Complaint clearly describes his cause of action. As Plaintiff was able to file a complaint which properly puts his claim before the court, and as it is not clear Plaintiff would be unable to respond to court orders and motions by opposing parties, Plaintiff has failed to demonstrate there is a substantial threat irreparable harm would result if injunctive relief is not granted. His motion should therefore be denied. Plaintiff is free to file a separate lawsuit concerning the actions of the law library supervisor if he deems such action appropriate.

## Recommendation

Plaintiff's Motion for a Temporary Restraining Order should be denied.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

Failure to object bars a party from (1) *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

**SIGNED this the 4th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE